IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| MARY KESECKER | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. TMD 10-3250M |
| | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Mary Kesecker ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C.§§ 401-433, 1381-83(c).  Before the Court are Plaintiff's Motion for Summary Judgment (Pl.'s Mot. Summ., ECF No. 12) and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 17).  No hearing is deemed necessary.  Local Rule 105.6 (D. Md.).  For the reasons presented below, Defendant's Motion for Summary Judgment is GRANTED.

I. Procedural History

Plaintiff protectively filed her applications for DIB and SSI on March 15, 2007 alleging disability since April 1, 2004 due to right knee condition and herniated disc in back with two discs removed.  R. at 80-87, 102, 107.   Claimant's SSI claim was denied on April 10, 2007 on the basis that she was found to have resources exceeding $2,000 for March 2007 on.  R. at 36-41.

Her DIB claim was denied initially and on reconsideration. R. at 24, 25, 42-45, 49-50. On February 18, 2009, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff testified. R. at 9-23. In a decision dated July 14, 2009, the ALJ denied Plaintiff's request for benefits. R. at 26-35. The Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision subject to judicial review. R. at 1-4.

## II.  ALJ's Decision

The ALJ evaluated Plaintiff's claim for DIB using the sequential process set forth in 20 C.F.R. § 404.1520. At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since her alleged onset date. Between Claimant's alleged onset date of April 1, 2004 and her date last insured ("DLI"), the ALJ found the following. At step two, the ALJ determined that Claimant suffered from the following severe impairments: osteoarthritis of the knees, herniated disc, degenerative disc disease, carpal tunnel syndrome and Achilles tendonitis of the right foot. At step three, the ALJ found that her impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that, given her Residual Functional Capacity ("RFC") Plaintiff was not capable of performing her past relevant work. At step five, the ALJ concluded that Claimant was capable of performing jobs that existed in significant numbers in the national economy. Accordingly, he concluded that Claimant was not disabled. R. at 26-35.

## III.  Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards.

42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  It is more than a scintilla, but less than a preponderance, of the evidence presented.  *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984).  It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury.  *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).  This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence.  *Id*.

## IV. Discussion

Plaintiff argues that the ALJ erred in (1) failing to discuss the evidence presented by Dr. Lawrence Honick; (2) failing to find she is disabled under the Grids; and (3) failing to obtain vocational expert testimony.

### A.   Dr. Lawrence Honick

Plaintiff argues that the ALJ erred by failing to discuss the opinion of state agency physician, Dr. Lawrence Honick.  Plaintiff argues that had the ALJ considered that evidence, he would have found that she was limited to sedentary work and disabled under the Grids.  Dr. Honick saw Claimant on April 29, 2009 and reported that Claimant had a history of low back injury with herniated disc, a discectomy with fair results, probable degenerative disc disease of

the neck with lumbar radiculopathy, bilateral carpal tunnel syndrome, osteoarthritis of the knees of advanced degree on the right, and Achilles tendonitis bilaterally more so on the right. R. at 256-57. Dr. Honick further indicated that her symptoms would surely get worse. *Id*. With respect to her ability to do work, it would basically be sedentary that would allow her to get up and relieve her discomfort and would not involve any bending, stooping or lifting as well as strenuous or repetitive use of her hands. *Id*.

There is no dispute that the ALJ failed to analyze the results of Dr. Honick's consultative examination.[1] The Commissioner argues that any error is harmless because the opinions provided therein do not relate back to the relevant period at issue. Here, as mentioned above, Claimant alleges onset as of April 1, 2004. Her DLI is June 30, 2004; and therefore, she must prove that she became disabled on or before this date. Simply because Dr. Honick's examination was not performed until April, 2009; however, does not automatically render it irrelevant. Rather, medical evidence generated subsequent to a claimant's DLI may be relevant to a disability determination where the evidence relates back to the claimant's limitations prior to the DLI. *See Wooldridge v.* Bowen, 816 F.2d 157, 160 (4th Cir. 1987) (medical evaluations made two years subsequent to expiration of insured status are not automatically barred from consideration and may be relevant to prove disability). However, even now Plaintiff does not argue that the opinions expressed in Dr. Honick's reports are reflective of her condition prior to her DLI. In fact, while Dr. Honick opines that her symptoms will continue to worsen, he does

---

[1] The ALJ appears to reference Dr. Honick's report but nowhere in his opinion does he provide any analysis or indication of the weight given his findings. R. at 33.

not make any findings with respect to how far back her impairments began or state any opinion with respect to her limitations during the relevant time period.  Significantly, the Medical Source Statement of Ability to Do Work-Related Activities (Physical) indicates that the limitations noted by Dr. Honick "are assumed to be [his] opinion regarding current limitations only." R. at 266.  The form provided Dr. Honick with the ability to opine "within a reasonable degree of medical probability as to past limitations", yet he did not. *Id.* Accordingly, Dr. Honick offered no retrospective opinion of Plaintiff's functional limitations before her DLI.  Any error by the ALJ based on his failure to evaluate this evidence in detail is therefore deemed harmless. *See, e.g., Rankin v Astrue*, No. 5:07CV00087, 2008 WL 892686 at *4 (W.D. Va. Mar. 21, 2008).[2]

V. Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED.  A separate order shall issue.

Date: March 26, 2012                     _____/s/_____
                                         THOMAS M. DIGIROLAMO
                                         United States Magistrate Judge

Copies to:
Michael D. Steinhardt
7711 Quarterfield Rd.

---

[2] Plaintiff makes two additional arguments.  However, each argument is based on the ALJ's alleged failure to adopt the opinions of Dr. Honick.  As discussed above, the Court finds that Dr. Honick's opinion that Claimant is limited to less than a full range of sedentary work and his opinion as to her physical limitations related only to the time of the examination –2009.  The Court does not find the ALJ committed error based on his failure to adopt the findings of Dr. Honick.

Glen Burnie, MD 21061

Allen F. Loucks
Assistant United States Attorney
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692